UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 08-4912 DSF (JWJx) | Date | 09/30/08 |
|---|---|---|---|
| Title | Jon Carpenter v. The Vons Companies, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Matter to the Superior Court of California, Los Angeles County

    This matter was removed to federal court based on federal question jurisdiction. There is no federal claim pleaded on the face of the complaint. However, Defendant claims that a request for injunctive relief under California disability access laws is equivalent to a claim under the Americans With Disabilities Act and, as such, federal question jurisdiction exists. See Pickern v. Best Western Timber Cove Lodge Marian Resort, 194 F.Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002). The Court disagrees with the Pickern court's reasoning in the cited footnote.

    It is settled Ninth Circuit law that there is a "strong presumption" against removal jurisdiction, and that the defendant always has the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (1992). It is also settled law that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).

    This is not a matter of "artful pleading," but rather one where the plaintiff has consciously chosen to plead only a state law claim instead of a federal one. "[I]f [a plaintiff] can maintain his claim on both state and federal grounds, he may ignore the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

federal question and assert only a state law claim and defeat removal." <u>Redwood Theaters, Inc. v. Festival Enterprises, Inc.</u>, 908 F.2d 477, 479 (9th Cir. 1990).  Under the artful pleading doctrine, a court can only recharacterize a plaintiff's claims if "the particular conduct complained of is governed exclusively by federal law."  <u>Id.</u>  There is no argument that the California disability access laws cited in the complaint are completely preempted by federal law.  Further, the California disability access laws cited in the complaint allow for the injunctive relief sought by the Plaintiff.  <u>See</u> Cal. Civ. Code § 55.  As such, there are no grounds for recharacterizing the claims in the complaint.

This matter is REMANDED to the Superior Court of California, Los Angeles County.

IT IS SO ORDERED.